UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Law Offices of Harvey I. Marcus (HIM 8635)
Park 80 West Plaza Two
Suite 200
Saddle Brook, NJ 07663
HIM@lawmarcus.com
Tel. 201-384-2200
Fax. 201-384-9221
Attorney for Debtor(s)/Plaintiff

Case No. 08-26531 MS

In Re:

Veronica Osuji,
                Debtor(s),

Chapter 13

Honorable Morris Stern

: Veronica Osuji,
:                 Plaintiff,
: v.
:                           Adv. No.: 08-
: Countrywide Home Loans,
: Americas Wholesale Lender, and
: The Bank of New York, as Trustee.
:
:                 Defendants.
:
:_____

## ADVERSARY COMPLAINT
_____

Veronica Osuji, the Debtor in the above referenced bankruptcy case and the Plaintiff (Plaintiff), in the above referenced Adversary Proceeding, by way of Complaint against Countrywide Home Loans (Countrywide), Americas Wholesale Lender (AWL) and The Bank of New York as Trustee (BNY), says:

### *I. PRELIMINARY STATEMENT*

1.    This is an action by a consumer debtor against creditors for statutory damages and attorney fees and costs under the federal Truth-in-Lending Act, l5 U.S.C. §§l60l *et. seq*. ("TILA") and the regulations promulgated thereunder, 12 C.F.R. §§226.1 *et. seq*. ("Regulation Z"); as well as for statutory damages, treble damages, attorney fees and costs under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2607 (RESPA); and compensatory damages, treble damages, attorney fees and costs under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1(c) (NJCFA) as well as under damages and costs under common law fraud.

1

2. In this complaint, the Plaintiffs also seek affirmative damages, damages by way of recoupment, punitive damages, costs, attorney's fees and such other relief as may apply against Defendants.

## II. JURISDICTION

3. Jurisdiction of the bankruptcy court is provided by 28 U.S.C. §1334 and §157.

4. This proceeding is a core proceeding. *See* 28 U.S.C. §157(b) (2) (A), (B), (K), (O); and is commenced pursuant to Federal Rules of Bankruptcy Procedure Rule 7001(1) and U.S.C.541. Venue is proper in this District pursuant to 28 U.S.C.1409(a).

## III. PARTIES

5. Plaintiff Veronica Osuji ("the Debtor") is a natural person who is the debtor in the above-captioned bankruptcy case. She resides at 5 Marion Place, Maplewood, NJ 07040 ("the Residence").

6. Defendant Countrywide Home Loans, ("Countrywide") is the lender in the subject loan transaction, with offices at the time of the subject loan at 2 Jericho Plaza, 3rd Floor, Jericho, NY 11753.

7. Defendant Americas Wholesale Lender (AWL) is the trade name, subsidiary, or alter ego of Countrywide, with offices at the time of the making of the loan, at 4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613.

8. Defendant The Bank of New York as Trustee (BNY) is the assignee of Mortgage Electronic Registration Systems, Inc. as nominee for Americas Wholesale Lender, with offices at 7105 Corporate Drive, Plano, TX 75024.

### IV.  FACTUAL ALLEGATIONS

9.  At all times relevant hereto, Countrywide and AWL regularly extended consumer credit which is payable by agreement in more than four installments or for which a finance charge is or may be required.

10.  At some time prior to March 7, 2007, the Debtor applied for a loan from Countrywide.

11.  The loan application was made through a loan broker, Metropolitan Home Funding, LLC. ("Broker").  Unknown to Debtor, the loan application incorrectly stated that Debtor's base income was $9,500.00 monthly whereas in truth it was less than $4,000.00 monthly.

12.  Countrywide, in concert with and pursuant to some business relationship with Broker, processed the loan application of the Debtor and in so doing made the loan application its own.

13.  On or about March 7, 2007, the Debtor entered into a consumer credit transaction in which Countrywide and/or AWL (the Lender) extended consumer credit which was subject to a finance charge ("the Transaction").

14.  In the Transaction, the Debtor signed the subject loan Note.

15. In the Transaction, Lender obtained a security interest in the form of a mortgage, signed by the Debtor against the Residence.

16.  The Residence is real property which serves as the principal residence of the Debtor.

17.  The Residence is owned solely by the Debtor.

18.  BNY is the current holder of the mortgage and/or other security interests taken in the Transaction as nominee for Countrywide.

19.  Mortgage loan payments are presently designated to be mailed to AWL.

20.  In the course of the Transaction, Lender provided the Debtor with a federal TILA disclosure statement.

21.  In the course of the Transaction, Lender provided the Debtor with a Notice of Right of Rescission.

22. Debtor did not rescind the Transaction.

23.  In connection with the Transaction, Lender paid Broker points of $4,804.47.

24.  In addition, at or after the closing of the Transaction, Lender paid Broker an additional sum ("the Yield Spread Premium") in the amount of $4,367.70.

25.  The Yield Spread Premium was not disclosed in the Good Faith Estimate of Closing Costs, Itemization of Amount Financed, or elsewhere, as a payment to be made to the Broker by the Lender broker's sale of an increase in the interest rate above par, the said increased interest rate to be paid by Debtor to Lender over the life of the loan.  The Itemization of Amount Financed and the Good Faith Estimate of Closing Costs were therefore incorrect.

26.  Lender intentionally failed to disclose to Debtor that the Yield Spread Premium was a payment not for services rendered, but a kick back or unearned fee for the increase in the interest rate above par.  The broker in fact received fees of $9,172.17 not the sum of $4,804.17 disclosed to Debtor. Debtor relied upon the broker fees being $4,804.17 as represented, and further Debtor relied upon Lender conducting itself truthfully, with commercial integrity, and honestly.

27.  The credit application form 1003 incorrectly stated that the base monthly income of Debtor was $9,500.00 whereas in truth it was less than $4,000.00 monthly.  Debtor was employed by the Jersey City Board of Education.  Debtor did provide proof of her income during the loan application process. The Debtor did not know that the said application misstated her income.  Debtor was not shown the application prior to the closing.  Lender intentionally ratified the said misstatement of the debtor's income so as to cause it to appear that Debtor was qualified for the loan, whereas in truth and in fact, Lender knew or by the exercise of reasonable commercial diligence should have known that the Debtor did not qualify for the loan.

## V.  STATEMENT OF CLAIMS

.

### *First Claim —TILA Damages*

28. Lender's improper over statement of the Debtor's base income violated TILA;  Lender's improper description of, and disclosure of the yield spread premium violated TILA.  Lender improperly calculated  the Itemization of Amount Financed, as well as the Good Faith Itemization of Closing Costs by excluding the Yield Spread Premium.

### *Second Claim —  TILA Recoupment or Set off*

29.  To the extent that affirmative claims are barred by the statute of limitations, the Debtor is nevertheless entitled to recoup or set off the amount of damages to which she would otherwise be entitled, including any statutory civil penalty and attorneys fees and costs against any claim which may be allowed in favor of Lender in this bankruptcy case.

### *Third Claim —  RESPA*

30.  Lender's payment of the Yield Spread Premium  to Broker constituted an unearned fee or "kickback" in violation of 12 U.S.C. §1207(a).

31.  Lender, and BNY are civilly liable to the Debtor  pursuant to 12 U.S.C. §1207(d).

### *Fourth Claim – NJFA and Common law fraud*

32. Lender intentionally charged the yield spread premium as an earned fee whereas in truth it was an unearned fee or kickback provided to Broker for the increase in the interest rate above par. Lender failed to disclose to Debtor that the fee paid to Broker was in consideration of the Broker raising the interest rate which Lender charged to Debtor. Lender intentionally misstated the Debtor's income in the credit application.  Said actions of Lender were intentionally wrongful knowing at all times that Debtor relied upon the Lender to act honestly and truthfully and in a commercially reasonable manner. Such actions were to the detriment of Debtor and Debtor was thereby damaged.

WHEREFORE, the Debtor requests that this court:

1. Assume jurisdiction of this case.

2. Declare that:

    a.    the Transaction is rescinded.

    b.    The Debtor is not liable for any finance charges or other charges arising from the Transaction.

    c.    The Debtor has no liability arising from the transaction due to Lender's failure to properly disclose the effect of the Yield Spread Premium in increasing the interest rate above par.

3. Order BNY to terminate its security interest in the Residence.

4.. Award the Debtor, by way of recoupment, the statutory damages and award the Debtor the sum of $100,000.00 representing the finance and other charges paid by Debtor, against any claim which has been or may be allowed in favor of Lender or BNY in this bankruptcy case;

5. Award Debtor the sum of $1,000,000.00 as compensatory damages and punitive damages under the NJCFA and common law fraud.

6. Award the Debtor treble damages in the amount of $300,000.00 under RESPA and the NJCFA;

7. Award the Debtor's counsel a reasonable attorney fee and costs;

8. Award the Debtor any and all other such relief which the court deems proper in the interest of justice.

Law Office of Harvey I. Marcus
By: /s/<u>Harvey I. Marcus</u>
October 25, 2008